UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

─────────────────────

№ 13-CV-6998 (JFB)(AKT)

─────────────────────

DAVID J. WHELAN AND MARY M. WHELAN,

Plaintiffs,

VERSUS

JUDITH A. PASCALE, COUNTY OF SUFFOLK, DAVID JANNETTI AND DOES 1-5,

Defendants.

─────────────────────

**MEMORANDUM AND ORDER**
March 2, 2016

─────────────────────

JOSEPH F. BIANCO, District Judge:

David J. Whelan and Mary M. Whelan ("plaintiffs") commenced this action against Judith A. Pascale, individually and in her official capacity as Clerk of the County of Suffolk, the County of Suffolk, David Jannetti ("Jannetti"), and Does 1-5, (collectively, "defendants"), asserting claims under 42 U.S.C. § 1983 and challenging the constitutionality of Article 65 of the New York Civil Practice Law and Rules. On September 16, 2014, this Court granted defendants' motions to dismiss plaintiffs' complaint. An order of judgment was entered on September 17, 2014. On October 15, 2014, plaintiffs filed a notice of appeal of that decision with the Second Circuit, and on April 30, 2015, the Second Circuit denied plaintiffs' motion and affirmed this Court's decision. Now before the Court is defendant Jannetti's motion for attorney's fees under 42 U.S.C. § 1988.

For the reasons set forth below, the Court denies the motion. As an initial matter, Jannetti's motion is untimely because it was filed well beyond fourteen days after the entry of judgment by this Court. Further, Jannetti has not demonstrated "excusable neglect" for failing to file his motion within fourteen days after entry of the judgment. In any event, Jannetti's motion does not meet the criteria for attorney's fees under 42 U.S.C. § 1988 because plaintiff's complaint was not frivolous. Accordingly, in its discretion, the Court declines to award attorney's fees under the particular circumstances of this case.

I.  FACTS

Plaintiffs jointly own a home in Suffolk County, and were parties to a real estate contract with Jannetti involving the sale of the home to him. (Compl. ¶¶ 1, 14.) On December 9, 2010, Jannetti filed a summons

1

and complaint seeking specific performance of the real estate contract, which would require plaintiffs to sell him their home. (*Id.* ¶¶ 14-15.) Jannetti also filed a notice of pendency in the office of Pascale, the Suffolk County Clerk, who immediately recorded it in Suffolk County's publicly available real property records (*id.* ¶ 15), as she was bound to due by Article 65. *See* N.Y. C.P.L.R. § 6511(c) ("Each county clerk with whom a notice of pendency is filed shall immediately record it.").

Plaintiffs received no prior notice of the filing or recording of the notice of pendency, and they objected to the fact that Article 65 does not require such notice, which they argued was due to them because of the potential for abuse of the notice of pendency. The complaint alleged that "the recorded lis pendens[1] is a document that has a significant adverse impact upon the property owners' private interests, such as a tainted credit rating, ability to procure even a small mortgage through a home equity loan . . . and an impaired ability to alienate the property." (Compl. ¶ 53.) Plaintiffs alleged that Jannetti's notice of pendency harmed them by making it impossible for them to obtain a construction loan in order to make needed repairs to their home. (*Id.* ¶ 64.)

On April 7, 2011, the Suffolk County Supreme Court canceled Jannetti's notice of pendency in response to plaintiffs' motion and dismissed his claim for specific performance, but plaintiffs allege that Pascale did not remove the notice of pendency from Suffolk County's real property records. (*Id.* ¶ 18.) On May 16, 2011, Jannetti filed a second notice of pendency, which Pascale immediately recorded, again without notice to plaintiffs (*id.* ¶ 16), who contended that Article 65 forbids successive notices of pendency when the first one was canceled. *See* N.Y. C.P.L.R. § 6516(c). The Suffolk County Supreme Court canceled Jannetti's second notice of pendency as well, but plaintiffs allege that Pascale did not remove it from the real property records either. (Compl. ¶ 19.)

On July 25, 2012, the New York Appellate Division reinstated Jannetti's claim for specific performance and his original notice of pendency. (*See* Ex. 2 to Weiss First Decl.)  For reasons that are not entirely clear, Jannetti responded to the Appellate Division's order by filing a third notice of pendency on August 3, 2012, which the Suffolk County Supreme Court held was valid on April 17, 2013. (*See* Ex. B to McGowan Decl.)  It does not appear that plaintiffs ever appealed the April 17, 2013 order upholding Jannetti's third notice of pendency, though the Suffolk County Supreme Court dismissed the entire specific performance claim on February 5, 2014. (*See* Ex. 1 to Weiss First Decl.)

II. PROCEDURAL HISTORY

Plaintiffs filed their complaint in this action on December 9, 2013, in between the Suffolk County Supreme Court's order upholding Jannetti's third notice of pendency and its order dismissing his specific performance claim.  Defendants moved to dismiss the complaint on February 14, 2014.  On March 17, 2014, plaintiffs responded in opposition, and also moved to disqualify defendants' counsel.[2] Defendants

---

[1] Notices of pendency are also known as "*lis pendens.*" *See 5303 Realty Corp. v. O&Y Equity Corp.*, 64 N.Y.2d 313, 315 (1984).

[2] In the September 16, 2014 Memorandum and Order granting the motion to dismiss, the Court held that plaintiffs' motion to disqualify defendants' counsel was mooted by the Court's dismissal of the complaint

2

responded in opposition to the disqualification motion, and in further support of their motion to dismiss, on April 7 and 21, 2014. Plaintiffs replied in further support of their disqualification motion on both April 16 and 29, 2014. On September 16, 2014, this Court granted defendants' motions to dismiss plaintiffs' complaint. An order of judgment was entered on September 17, 2014. On October 15, 2014, plaintiffs filed an appeal of that decision with the Second Circuit, and on April 30, 2015, the Second Circuit affirmed this Court's decision.

On May 14, 2015, defendant Jannetti moved for attorney's fees. Plaintiffs opposed the motion on May 20, 2015, and Jannetti replied on June 1, 2015. The matter is fully submitted.

III. DISCUSSION

Defendant Jannetti contends that he is entitled to attorney's fees under 42 U.S.C. § 1988, on the grounds that plaintiffs' action was frivolous, unreasonable, and meritless. For the reasons that follow, the Court denies the defendants' motion for attorney's fees.

A. Applicable Law

1. Standard for Attorney's Fees under 42 U.S.C. § 1988(b)

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). However, 42 U.S.C. § 1988(b) provides that:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C.A. § 1988(b). Though "[f]ees are regularly awarded to prevailing plaintiffs who obtain some significant measure of relief," *Panetta v. Crowley,* 460 F.3d 388, 399 (2d Cir. 2006) (citing *Hughes v. Rowe,* 449 U.S. 5, 15-16 (1980) (per curiam)), "[t]he Second Circuit has instructed that it should be rare for a prevailing defendant in a § 1983 case to be awarded attorney's fees." *Robinson v. Town of Kent, N.Y.*, No. 11-CV-2875 (ER), 2012 WL 3024766, at *8 (S.D.N.Y. July 24, 2012) (citing *Sista v. CDC Ixisi North Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006)). The Second Circuit's "hesitan[cy] to award attorney's fees to victorious defendants in § 1983 actions," stems from "concern[s] about the potential chilling effect on § 1983 plaintiffs—who are the chosen instrument of Congress to vindicate a policy of the highest national priority." *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994) (internal quotation marks omitted).

Accordingly, when the prevailing party in a § 1983 action is the defendant, attorney's fees will only be awarded if the plaintiff's underlying "'claim was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so.'" *Id.* (quoting *Oliveri v.*

---

in its entirety. *Whelan v. Pascale*, No. 13-CV-6998 (JFB)(AKT), 2014 WL 4638851, at *3 n.2 (E.D.N.Y. Sept. 16, 2014), *aff'd*, 610 F. App'x 19 (2d Cir. 2015).

3

*Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986)) (additional internal quotations omitted); *see also Panetta,* 460 F.3d at 399. The Supreme Court has stated that "[i]n enacting § 1988, . . . Congress sought 'to protect defendants from burdensome litigation having no legal or factual basis.'" *Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978)). Accordingly, "[a] claim is frivolous where it lacks an arguable basis either in law or in fact." *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004) (internal quotation marks omitted).

2. Rule 54(d)(2)(B)

Rule 54(d)(2)(b) states that "[u]nless a statute or a court order provides otherwise, [a] motion [for attorney's fees] must be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). However, according to Rule 6(b)(2), a district court may extend certain deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004).

B. Application

As an initial matter, the Court finds that defendant Jannetti's motion for attorney's fees is untimely because it was filed over fourteen days after entry of the judgment. Although Jannetti contends that his motion was timely because it was filed within fourteen days of the Second Circuit's Summary Order, the law is clear that a motion for attorney's fees should be filed within fourteen days of entry of judgment by the district court, even if an appeal is filed. *See, e.g.*, *Tancredi*, 378 F.3d at 223, 226; *Marchisotto v. City of New York*, No. 05-CV-2699 (RLE), 2009 WL 2229695, at *3-4 (S.D.N.Y. July 27, 2009). As the Second Circuit has noted, "Congress's reasons for its 1993 addition to Rule 54(d)(2)(B) (the fourteen-day deadline) were three-fold: (1) to provide notice of the fee motion to the non-movant before the time to appeal expires; (2) to encourage a prompt ruling on fees to facilitate a consolidated appeal on both the merits and the attorneys' fee issue; and (3) to resolve fee disputes efficiently, 'while the services performed are freshly in mind.'" *Tancredi*, 378 F.3d at 227 (quoting Fed. R. Civ. P. 54 advisory committee's notes (1993)). Thus, because Jannetti's motion is untimely, he must establish "excusable neglect."

"To determine whether a party's neglect is excusable, a district court should take into account: '[1] the danger of prejudice to the opposing party, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Id.* at 228 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993) (alterations omitted)). "As these factors suggest, 'excusable neglect' is an 'elastic concept,' that is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Servs, Co.*, 507 U.S. at 392, 395). However, "[a]n attorney's failure to follow clear and unambiguous procedural rules does not usually constitute excusable neglect." *Latin Am. Fin. Grp., Inc. v. Pareja*, No. 04-CV-10082 (DLC), 2007 WL 1009506, at *1 (S.D.N.Y. Apr. 2, 2007); *see also Marchisotto*, 2009 WL 2229695, at *4 (same).

Here, Jannetti missed the filing deadline by eight months. Although it appears that Jannetti acted in good faith, his delay

4

prejudiced plaintiffs by preventing them from making any argument about attorney's fees in their appeal. Further, "[o]ne of the express purposes of the fourteen-day filing deadline is to ensure that the attorneys' performed services are 'freshly in mind.'" *Marchisotto*, 2009 WL 2229695, at *4 (quoting *Cardona v. City of New York*, 04-CV-955 (GEL), 2007 WL 690126, at *2 (S.D.N.Y. Mar. 7, 2007)). Although Jannetti contends that "he had a good faith belief he could move for attorney's fees following the Summary Order" and that his "delay in moving, if any occurred, was based solely upon a reasonable misinterpretation of the statute," (Def.'s Reply at 4), as discussed *supra*, the case law is clear that under Rule 54, a motion for attorney's fees should be filed within fourteen days of entry of judgment by the district court, even if an appeal is filed. Thus, Jannetti has failed to demonstrate excusable neglect so as to excuse his untimely motion. Accordingly, the Court, in its discretion, declines to award attorney's fees in this case.[3]

### III. CONCLUSION

For the reasons set forth herein, the Court denies defendant's motion for attorney's fees under 42 U.S.C. § 1988.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 2, 2016
        Central Islip, NY

\*    \*    \*

Plaintiffs are represented by Patricia Weiss, Sag Harbor Shopping Cove, 78 Main Street, Suite 14, P.O. Box 751, Sag Harbor, NY 11963. David Jannetti is represented by Thomas J. McGowan, Meltzer, Lippe, Goldstein & Breitstone LLP, 190 Willis Avenue, Mineola, NY 11501.

---

[3] In any event, even if Jannetti's motion was timely, he would not be entitled to attorney's fees because plaintiffs' claims were not frivolous. Although in the September 16, 2014 opinion granting the defendants' motion to dismiss, this Court noted that it must follow the holding of *Diaz v. Paterson*, 547 F.3d 88 (2d Cir. 2008), *see Whelan*, 2014 WL 4638851, at *5-7, in their briefing on the motion to dismiss, plaintiffs argued that *Diaz* was distinguishable because their case involved successive notices of pendency, which are prohibited by Article 65, and their underlying action involved an anticipated breach of contract. *See id.* at *5. The fact that such an argument was unpersuasive to this Court (and the Second Circuit) does not mean it warrants the award of attorney's fees under Section 1988. Moreover, plaintiffs' failure to cite case law to support their other novel legal theories does not, in and of itself, render their arguments frivolous. In short, in its discretion, the Court does not conclude that plaintiffs' claims were frivolous, unreasonable, or groundless, such that attorney's fees should be awarded under Section 1988. Thus, even if plaintiffs' motion was timely or plaintiffs could demonstrate excusable neglect, the Court would not award attorney's fees pursuant to 42 U.S.C. § 1988.

5